DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1913.

---

## Clarence Herricks, Appellee, v. Chicago & Eastern Illinois Railroad Company, Appellant.

1. MASTER AND SERVANT—*common tool.* A set hammer, such as used in blacksmith shops to make square angles on iron, is not a common tool but requires a skilled mechanic to keep it in reasonably safe repair and a master owes a duty to a blacksmith's helper to keep such a hammer in such a repair.

2. EVIDENCE—*order of introduction.* In an action for injuries to plaintiff's eye, caused when a piece of a hammer split off and entered it, the action of plaintiff's counsel in introducing the piece of the hammer in evidence after defendant rests, though he has it in court in his pocket during the trial, to prevent defendant's witnesses from seeing or examining it during their testimony, while not ground for reversal is improper and would justify refusal to admit the piece of metal in evidence.

3. ARGUMENT OF COUNSEL—*restriction to evidence.* Argument by plaintiff's counsel, in an action for the loss of an eye, to the effect that the sight of the other eye might be lost through sympathetic nerves or otherwise is highly improper and should be condemned by the trial court where there is no evidence of such a possibility.

4. ARGUMENT OF COUNSEL—*abuse of witnesses.* Abuse of a witness by plaintiff's counsel for the sole reason that he is in the employ of the defendant and unworthy of belief, is grossly improper.

(565)

5. DAMAGES—*when not excessive.* A verdict for $1,400.00 is not excessive where the sight of one of plaintiff's eyes was destroyed and it was necessary to remove the eye ball.

Appeal from the Circuit court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

H. M. STEELY and H. M. STEELY, JR., for appellant.

ACTON & ACTON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff, by his next friend, August Herricks, brings this action to recover for the loss of an eye, the sight of which was destroyed by alleged negligence of the defendant in furnishing and permitting plaintiff to use and work with a tool known as a set hammer, which it is alleged had been repaired and remade by the defendant in a negligent and improper manner. The beneficiary plaintiff was a minor nineteen years old, and will be referred to hereafter as plaintiff.

The declaration contains several counts, and alleges the head of this set hammer, by reason of its long continued use had become so battered, by hammering thereon, that the edge of the face of the hammer had curled over and formed what are known as burrs on the sides. It appears from the evidence that a set hammer is a tool used in blacksmith shops for the purpose of making a square and perfect angle upon iron or material where the same is required to be bent or shaped for its proper use; that the set hammer is used by holding it upon the material to be formed or shaped and striking upon the head or face with a heavier hammer. This set hammer was being used to make a perfect angle on a piece of iron which was being made into a hanger for brake beams.

The defendant had in its employ one J. J. Higgins, an expert blacksmith; plaintiff was working with him

THIRD DISTRICT—MARCH, 1912.       567

Herricks v. Chicago & Eastern Illinois R. Co., 180 Ill. App. 565.

as his helper, and as such helper it became his duty to do and perform such work and services as Higgins should direct. Plaintiff had been engaged in this work for about nine months before the injury. To become a skilled blacksmith, it required three years work as a helper and then three years as an apprentice.

The formation of these burrs upon the set hammer made it necessary to repair or remake the set hammer; and the remaking or repair of this hammer was done by the blacksmith with the assistance of the plaintiff as his helper.

Plaintiff, as such helper, had had no experience or knowledge of the manner or method or work necessary to repair this hammer in a proper and safe condition. This set hammer was prepared by taking it from the handle, heating it to a red or cherry heat and then by hammering the burrs, which had formed at the edges of the face of the hammer, down so as to make the hammer smooth and of the proper size; after this was done it then became necessary, in order to render the hammer safe for use, to cut off the head far enough to remove all of the burrs which had been hammered down.

The specific negligence charged and attempted to be proved was a failure to cut the head of the hammer off sufficient to remove all of the burrs, that by reason thereof, pieces of the burrs remained upon the hammer; that these burrs were not and could not, in this manner, be welded into the hammer, so that they would not fly off when striking the face of the set hammer in using it. That when plaintiff used this set hammer after it had been repaired, and while it was being held by the blacksmith Higgins, the blows which were struck upon the hammer by the plaintiff with the heavier hammer caused a sliver or piece of metal to fly from the set hammer striking plaintiff in the eye, destroying its sight, and that it became necessary to remove the eye ball. Plaintiff recovered a judgment

below for $1,400, and to reverse that judgment this appeal is prosecuted.

As a cause for reversal defendant insists that the hammer was properly and skilfully repaired; that the piece of the hammer which entered the plaintiff's eye was not part of one of the burrs which had been hammered down but was a part of the face of the hammer which was caused to fly from the hammer by the negligence of plaintiff in striking a slanting or glancing blow upon the head of the set hammer, that the proper method of striking a set hammer was by a square blow. That the striking of the hammer with a glancing or slanting blow was contributory negligence on the part of the plaintiff; also, that the accident was one of the ordinary risks of employment assumed by plaintiff. That the set hammer was a common tool with which plaintiff was as familiar as defendant. Defendant also insists that the court erred in its rulings upon the admission and rejection of evidence, and the giving and refusing of instructions; and that counsel for plaintiff made improper remarks to the jury in his final argument.

Upon the question of the negligent repair of this set hammer, the evidence discloses two proper methods of repairing a set hammer, one being to cut off the burrs before attempting to reface the hammer, the other to heat the hammer, hammer the burrs down, and then cut the hammer off at a point which will remove all of the burrs. This hammer was repaired by and under the direction of Higgins, by hammering the burrs down and then cutting about one-fourth of an inch off from the head of the hammer, and refacing it; it is the contention of the defendant that this removed all of the burrs, or pieces that had been hammered down, while it is the contention of the plaintiff that the hammer was not cut off a sufficient length to remove all of the pieces or burrs and that it was one of the pieces which had been hammered down which flew

off and destroyed plaintiff's eye. It was a question of fact for the jury to determine whether or not the hammer was properly repaired and refaced, and by their verdict they have determined this question against the contention of the defendant and we are not prepared to say that their finding is not supported by the evidence in the record. The contention that the set hammer was a common tool and its condition and use was as well known to plaintiff as defendant and the master is not liable for damage arising from the use of a common tool cannot be sustained; the set hammer had its peculiar use and construction and required a skilled mechanic to keep it in reasonably safe condition and repair for use, and defendant must be held to have owed a duty to plaintiff to have so repaired it. *Duerst v. St. Louis Stamping Co.,* 163 Mo. 607; *Johnson v. Missouri Pac. R. Co.,* 96 Mo. 340; *Van Hul v. Great Northern R. Co.,* 90 Minn. 329; *Noble v. Bessemer Steamship Co.,* 54 L. R. A. 456, 127 Mich. 103.

The jury was also warranted in finding that the plaintiff was inexperienced and had no knowledge of the proper method or manner of repairing this hammer, that whatever services he performed therein was done by and under the direction of the blacksmith Higgins, who had authority to direct and control the work of the plaintiff.

It was also a question for the jury to determine whether or not plaintiff was negligent in striking the set hammer, and also whether or not the sliver or piece of metal which entered plaintiff's eye was part of one of the burrs or whether it was a piece dislodged from the face of the hammer by the glancing or slanting blow and by its verdict has determined all of these questions in favor of the plaintiff, and from an examination of the record we are satisfied that their verdict is warranted by the evidence and that there is sufficient proof in the record to sustain the charge of

570 APPELLATE COURTS OF ILLINOIS.

Herricks v. Chicago & Eastern Illinois R. Co., 180 Ill. App. 565.

negligence made against defendant by plaintiff in his declaration.

It is insisted by defendant, also, that the court erred in permitting plaintiff to reopen his case after defendant had closed its evidence, and offer evidence which should properly have been presented in chief. While the question of the time when evidence shall be presented is usually a matter of discretion with the court, we feel compelled to criticise the action of plaintiff's counsel. The piece of the hammer which had been taken from plaintiff's eye was in court and in the pocket of plaintiff's counsel during all of the trial, who did not see fit to exhibit the same to the jury or offer it in evidence in chief; but after the defendant rested his case, plaintiff was recalled to the stand, the piece of metal produced and identified by him as the piece which had been taken from his eye; it was then admitted in evidence by the court over the objections of the defendant. This necessitated a re-examination of the defendant's witnesses relating to this piece of metal, and counsel for the plaintiff in his argument to the jury, says the reason it was not offered in chief was that he did not want to permit defendant's witnesses to see or examine it during their testimony. This was a piece of sharp practice which ought not to be countenanced or permitted by any court, and we feel that it is our duty to criticise and condemn this action by plaintiff's counsel; and while it is not a matter which required a reversal of the cause, it is a practice that should not be tolerated; the court would have been justified in sustaining the objection to the introduction of the piece of metal at that time.

Objection is also made to the remarks of plaintiff's counsel in his final argument to the jury. The objections to this argument relate in part to the appeal to the jury to give plaintiff such damages as would commensurate with his loss, and arguing the sight of the other eye might by some possibility, through sympa-

thetic nerves or otherwise, be lost and the boy compelled to go through life blind. There was no evidence whatever of any such possibility; this argument could only have a tendency to inflame or prejudice the minds of the jury, it was highly improper and should have been condemned by the trial court.

Counsel's remarks concerning witnesses who are in the employ of defendant and who testified in this case were also improper; the abuse of a witness for the reason that he is in the employ of the defendant and that for that reason alone is unworthy of belief is uncalled for and grossly improper; and while we do not consider that the actions and remarks in this case require reversal of the judgment, we feel that plaintiff's counsel came so near overstepping the limit that his action merits a just rebuke.

We do not feel that the court committed any substantial error in the admission or rejection of evidence, and having given careful attention to the instructions given and refused which have been criticised quite severely by defendant's counsel, we do not find, upon such examination, that there is sufficient error therein to require reversal of this cause; upon the whole record we are satisfied that the charge of negligence as made by plaintiff in his declaration is sustained by the proof, and that substantial justice has been done, that the damages are not excessive, and, therefore, affirm the judgment.

*Affirmed.*