NEWELL *v.* DETROIT, TOLEDO & IRONTON RAILROAD CO.

1. MASTER AND SERVANT—MASTER NOT REQUIRED TO FURNISH BEST
   TOOLS.
   In furnishing tools the master is under no obligation to
   furnish the best tools in use; it being sufficient if they
   are such as are in general use where like work is done
   and reasonably serve the purpose for which they are in-
   tended.[1]

2. SAME—NEGLIGENCE MAY NOT BE PREDICATED ON FAILURE TO
   FURNISH SAFETY DEVICES NOT IN GENERAL USE.
   In an action by an employee for the loss of an eye caused
   by a splinter of steel flying from a tool when struck by
   a sledge, no negligence may be predicated upon the fur-
   nishing by the master of a pair of goggles which fell off
   as plaintiff delivered a blow of the sledge, in the absence
   of a showing that the goggles furnished were defective
   or were different from those in general use in other shops
   where like work was done.[2]

3. SAME—DUTY OF MASTER TO FURNISH REASONABLY SAFE TOOLS.
   It is the duty of a master to furnish his employees with
   reasonably safe tools with which to work.[3]

4. SAME—SERVANT MAY RELY ON JUDGMENT OF SUPERIOR THAT
   TOOL FURNISHED IS REASONABLY SAFE.
   Where, for the purpose of flattening a piece of boiler iron,
   an employee was given a "flatter," which, on use, he
   thought contained too much temper, and to which con-
   dition he called the attention of his foreman, who said he
   thought it was reasonably safe, the employee had a right
   to rely upon the judgment of his superior, and where its
   use resulted in an injury to the employee, the question
   as to whether or not it was a reasonably safe tool to use
   was, under conflicting testimony, properly submitted to
   the jury.[4]

[1]Master and Servant, 26 Cyc. p. 1107; [2]Id., 26 Cyc. p. 1109
(Anno); [3]Id., 26 Cyc. p. 1098; [4]Id., 26 Cyc. pp. 1213, 1463.
   On liability of master for injuries caused by splinters flying
from hammers or chisels, punches, and other similar tools, see
notes in 13 L. R. A. (N. S.) 670; 31 L. R. A. (N. S.) 800; 40
L. R. A. (N. S.) 832; 51 L. R. A. (N. S.) 337.

5. PLEADING—DECLARATION SHOULD POINT OUT DEFECTIVE TOOL
RELIED ON AND ALSO PARTICULAR DEFECT.

> In an action by an employee based upon the negligence of
> the master in furnishing defective tools, the declaration
> should point out the tool and also the particular defect
> claimed to exist.[5]

Error to Wayne; Marschner (Adolph F.), J.   Submitted June 17, 1925.   (Docket No. 105.)   Decided October 27, 1925.

Case by Thomas Newell against the Detroit, Toledo & Ironton Railroad Company for personal injuries. Judgment for plaintiff.   Defendant brings error. Reversed.

*Clifford B. Longley* and *Rudolph E. Hofelich,* for appellant.

*Thomas L. Dalton* and *Frederick P. Hempel,* for appellee.

BIRD, J.   Plaintiff complains of defendant in an action of negligence for its failure to furnish proper tools, including goggles, for his use in its locomotive repair shop at Dearborn.   He had judgment, and defendant assigns error.   It appears plaintiff was employed at defendant's repair shop as a boiler maker.   On the day of the accident he was ordered to straighten or flatten a piece of boiler iron.   He went to the tool room and procured a "flatter."   This is a piece of iron to put over the thing to be flattened to receive the blows of the sledge.   When he was given the tool he was given a pair of goggles with the usual bows to wear while using it.   While striking the flatter with the sledge his goggles fell off, and at the same instant a splinter of steel from the flatter hit him in the eye.   He was given first aid and after-

[5]Master and Servant, 26 Cyc. p. 1387.

wards taken to the hospital, and several days later the eye was removed and an artificial one inserted instead.    Plaintiff shows by his testimony that after striking the flatter he could tell that there was too much temper in it, and he took it to his foreman and complained that it was not a proper tool for such work, that there was too much temper in it, that it should be softer.    His foreman assured him the tool was all right, and ordered him to return to his work.    He also complained that the goggles were not suitable for the work.    Instead of bows he says they should have had a strap to fasten around the head so they would not fall off while he was using the sledge.    The trial court allowed the jury to pass upon the sufficiency of the flatter and the goggles.    Defendant insisted when the proofs were in it was entitled to a directed verdict.    This contention was denied.

The Goggles.    There is much doubt whether defendant would have been negligent if it had furnished no goggles.    This question is much discussed by counsel.    We think there is little profit in discussing that question in view of the fact that defendant did furnish them, and by a printed rule required them to be used.    The real question then is, Did they reasonably serve the purpose for which they were intended? It was shown by the defendant that no different goggles were used in other shops of like character where any were used.    It has been said by this court that in furnishing tools the master was under no obligation to furnish the best tool in use, if it were one that was in general use in other shops where like work was done, and reasonably served the purpose for which it was intended.    *Lyttle* v. *Railway Co.*, 84 Mich. 289.    Plaintiff does not complain that the goggles were defective in any way, nor does he show that goggles with a strap on them were in general use in other shops where like work was being done.    It

was shown that the master had installed a safety device for the protection of his men, and one which was not generally in use. Under such circumstances, when the master selects the device and it reasonably serves the purpose for which it was intended we think no negligence can be predicated upon his failure to furnish a better one. As to this question we think defendant was entitled to a directed verdict.

The Flatter. No authority need be cited to the proposition that the master is obliged to furnish his employees with reasonably safe tools with which to work. Plaintiff says the flatter had too much temper in it. Had it been softer it would not have given off any splinters. He called it to the attention of the foreman and he thought it was reasonably safe. Under such circumstances the plaintiff had a right to rely upon the mature judgment of his superior. *Chicago, etc., R. Co. v. Bayfield*, 37 Mich. 205; *Scendar v. Winona Copper Co.*, 169 Mich. 665. The evidence upon the question whether the flatter was a reasonably safe tool to use was conflicting and we, therefore, think it was proper to submit it to the jury. *Noble v. Bessemer Steamship Co.*, 127 Mich. 103 (54 L. R. A. 456, 89 Am. St. Rep. 461).

As the case must be returned to the trial court for retrial, it may be well to advert to the fact that the declaration imperfectly alleges the injury by reason of defective tools, in that it does not point out what the tool was nor what the particular defect was. The safety device is the only thing pointed out. We think this should be cured by an amendment of the declaration before a retrial. *Smead v. Railway Co.*, 58 Mich. 202.

The judgment must be reversed for the error pointed out, and a new trial granted. Defendant will recover costs of this court.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.