NEWELL *v.* DETROIT, TOLEDO & IRONTON RAILROAD CO.

1. DAMAGES—EXCESSIVE VERDICT.
    A verdict for damages for the loss of an eye in an amount which, placed at interest at six per cent., would produce an income probably equal to the earnings of the injured person through the years of expectancy and leave the principal intact at his death, is excessive.[1]

2. SAME—REMITTITUR REQUIRED AS CONDITION OF AFFIRMANCE.
    A verdict for $25,000 for the loss of an eye by a boiler-maker and ship fitter earning $5 a day with the promise of a raise, who was not incapacitated from following his trade, is excessive, and remittitur of $10,000 is required, on error, as condition of affirmance.[2]

Error to Wayne; Jayne (Ira W.), J.    Submitted June 16, 1926.    (Docket No. 139.)    Decided July 22, 1926.

Case by Thomas Newell against the Detroit, Toledo & Ironton Railroad Company for personal injuries. Judgment for plaintiff.    Defendant brings error. Affirmed, conditionally.

*Clifford B. Longley, O. Z. Ide,* and *Edgar J. Matz,* for appellant.

*Thomas L. Dalton* and *Frederick P. Hempel,* for appellee.

BIRD, C. J.    Plaintiff, while in the employ of the defendant in its railroad shops, received an injury to his eye, which resulted in the loss of it.    The eye ball was removed and a glass eye inserted in its stead. Plaintiff recovered a judgment on the theory that he was not furnished a proper tool with which to do the

[1]Damages, 17 C. J. § 196 (Anno); [2]Appeal and Error, 4 C. J. § 3139; Damages, 17 C. J. § 453.
    On excessiveness of verdicts in actions for personal injuries other than death, specifically as to loss of eyesight, see note in L. R. A. 1915F, 196.

work in hand. The case was here after a former trial. It was pointed out what the issue of fact was to go to the jury, and the same has been tried again, resulting in a verdict for plaintiff of $25,000. The former opinion of this court will be found in 232 Mich. 528.

Defendant has assigned several errors; among them the question is raised that the verdict of the jury is excessive. After an examination of the record and briefs we are persuaded that the meritorious question is: Was the verdict excessive?

Plaintiff was 24 years old at the time of the accident. He was a boilermaker and ship fitter by trade. He had been employed at a large *per diem* in the ship yards at Halifax soon after landing on this side of the water. It was following the war and he received a high wage. At defendant's boiler shop he was receiving $5 per day with a promise of a raise after six months. After the injury he was offered a place at bench work in the same shop at the same wages. It was shown that he was not incapacitated to follow his trade, but he refrained from entering it again for fear of losing the other eye. He did, however, indicate that he might have some trouble reading blue prints, which he would encounter in his regular trade.

Some of the cases in which the damages for the loss of an eye have been considered are *Ribich* v. *Lake Superior Smelting Co.*, 123 Mich. 401 (48 L. R. A. 649, 81 Am. St. Rep. 215) ; *Shaw* v. *Railway Co.*, 123 Mich. 629 (49 L. R. A. 308, 81 Am. St. Rep. 230) ; *DelaVergne, etc., Machine Co.* v. *Stoll*, 24 Tex. Civ. App. 471 (60 S. W. 319) ; *Herricks* v. *Railroad Co.*, 180 Ill. App. 565. See, also, valuable note on excessive damages for the loss of an eye in L. R. A. 1915F, 196.

Without analyzing the foregoing cases in detail, it will suffice to say that we are of the opinion that the

verdict, under the circumstances, was grossly excessive. Had the amount of this verdict been placed at interest at six per cent. the income would probably equal his earnings through the years of his expectancy and at his death the principal sum would remain intact. This is not permissible. *Sipes* v. *Railroad Co.*, 231 Mich. 404. It is not the policy of the law to give one damages in such a sum of money as will equal his earning power and permit him to remain in idleness, especially where it is shown that only a portion of his earning power has been lost.

The judgment will be reversed for this reason unless plaintiff, within 30 days from the filing of this opinion, remits $10,000 of the verdict, and the judgment will be affirmed for $15,000. In the event that this sum is not remitted within the time stated, the case will be reversed, with a new trial. Defendant will recover its costs of this court in either event.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.