PALMER *v*. SECURITY TRUST CO.

1. DAMAGES—AWARD FOR PAIN AND SUFFERING RESTS IN SOUND DISCRETION OF JURY.

> In an action for personal injuries, the award for pain and suffering rests in the sound discretion of the jury, guided by the nature and extent of the injuries.

2. SAME—PURCHASING VALUE OF DOLLAR—FUTURE EARNINGS — PAIN AND SUFFERING.

> In awarding damages for loss of future earnings, it would be unfair to compute them on the basis of the purchasing value of a dollar now as compared with years ago without also applying the same rule to the dollars plaintiff was earning at the time of the injury, and, therefore, since the rule works both ways it should not be considered; and although said objection does not apply with equal force in regard to compensation for pain and suffering, even in such cases said rule should receive but scant consideration.

3. SAME—EXCESSIVE VERDICT.

> A verdict of $74,000 for personal injuries, which, if placed at interest at five per cent. per annum, would bring an income about equal to the earnings of plaintiff at the time of the injury, is excessive, although he is permanently deprived of the use of his hands, and his injuries were multiple and very painful.

4. SAME—EXCESSIVE VERDICT—NEW TRIAL WITHOUT ALTERNATIVE OF REMITTITUR.

> A verdict of $74,000 for permanent personal injuries is so excessive, as compared with the earning power of plaintiff, as to demand a new trial; and the court will not, under such circumstances, grant the alternative of a remittitur of the excess.

Error to Genesee; Parker (James S.), J.    Submitted October 14, 1927.    (Docket No. 136.)    Decided April 3, 1928.    Rehearing denied June 5, 1928.

[1]Damages, 17 C. J. § 361; [2]Id., 17 C. J. § 166; [3]Id., 17 C. J. § 408; 46 A. L. R. 1304; [4]Appeal and Error, 4 C. J. § 3139.

Case by Arthur Palmer, Sr., against the Security Trust Company and others, receivers for the White Star Motor Bus Company, for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed.

*Bishop & Weaver* and *Farley & Selby,* for appellants.

*Guy W. Moore* and *Hal P. Wilson* (*Neithercut & Neithercut,* of counsel), for appellee.

WIEST, J. In an automobile accident plaintiff received severe and permanent injuries. Finding the accident was occasioned by negligence of an employee of the White Star Motor Bus Company, a jury awarded plaintiff $74,000 damages against that company and its receivers. Defendants review by writ of error, claiming, among other grounds, that the verdict is excessive. We think the point well taken, and, as other errors alleged are not likely to arise on another trial, we will confine our discussion to the subject mentioned.

At the time of the accident plaintiff was 38 years of age, his earning power had been developed and exercised for years and we are informed of his loss of earnings and lessened ability to earn in the future. By no process of reasoning, admissible in a lawsuit, can the loss of his prospective earnings, measured in present worth, approximate more than a tithe of the verdict. Of course, compensation for pain and suffering was also involved, and the award therefor rested in the sound discretion of the jury, guided by the nature and extent of the injuries. The serious permanent result of the injuries to plaintiff is loss of the use of his hands for all practical purposes. Plaintiff can no longer perform manual labor, cannot button his clothes, put on his collar, lace his shoes, cut up his food or lift any weight. Except as to his arms

and hands, he has made a fairly good recovery and is able to be about.    His injuries were multiple and very painful.

In support of the verdict, counsel for plaintiff call our attention to the fact that a dollar now will purchase only about one-half of the commodities and necessaries it would have commanded some years ago, and direct us to decisions wherein courts have commented upon such fact in sustaining large verdicts. The jury undoubtedly considered plaintiff's earnings before the accident and the loss of power to continue to so earn.    If plaintiff's damages for loss of earnings, past and prospective, are to be computed, having in mind the purchasing value of a dollar at this time, then that same measure should be applied to the purchasing value of what plaintiff was earning before the accident.    This would reduce his loss of earnings up to time of the trial, if so measured by comparison with previous times, about one-half.    The rule contended for is a poor one if it will not work both ways. Loss of a dollar of earnings is met in the eye of the law by a dollar of compensation; and it would be manifestly unjust to reduce the compensating dollar to its purchasing value, as compared with years ago, and let the former wage-earned dollar represent value without any such consideration.    The truth of the matter is that we can pay no attention to such a method of determining compensation.    Plaintiff was earning a certain number of dollars per year before the accident; his injuries prevent him from earning an equal number, or any number, of dollars in like employment in the future, and if he is given in dollars his loss of dollars he gets what he has lost, and may not ask for more on the plea that a dollar now will not purchase as much of the commodities as it would have commanded several years ago.    Plaintiff's wages just before the accident were fixed by the present dollar value; the

affairs of all are so carried on, and the jury went far afield if they awarded compensation for loss of earnings and earning power on the theory that a dollar awarded should only count for 50 cents, because 50 cents, years ago, would have purchased as much in the way of commodities as a dollar will now.

What we have said does not apply with equal force to compensation for pain and suffering, but even such compensation will admit of scant consideration of the plea advanced. The sum awarded, placed at interest at five per cent. per annum, would bring an income about equal to the earnings of plaintiff at the time of the accident. We had occasion, in *Sipes* v. *Railroad Co.*, 231 Mich. 404, to point out that a judgment was excessive if it awarded such a sum as would yield, at five per cent., an annual income approximating previous annual earnings and leave the sum intact at the end of life expectancy. See, also, *Newell* v. *Railroad Co.*, 235 Mich. 687.

In *Stone* v. *Sinclair Refining Co.*, 230 Mich. 472, we said of an award for pain and suffering:

"We recognize the delicacy attending the measuring of a money compensation for pain and suffering arising from injuries, but it must be done, and, when done, the amount must be within reason. No sum of money could be set against her suffering and be said to pay for it; neither does the law attempt to reach any such impossible composition. The law does not admit of an award beyond such a reasonable sum, considering the nature and extent of the injuries, the suffering occasioned thereby, and the duration thereof, as will approximate a pecuniary satisfaction. * * *

"Upon the question of whether damages for pain and suffering are excessive, cases found in the books are of little help, for no two cases are alike in the nature and extent of injuries received and suffering experienced."

We have repeatedly found occasion to determine verdicts excessive, and, when possible to do so, we

have required a remittitur of the excess or the alternative of a new trial.    We cannot, in the instant case, even attempt to reduce the verdict and feel no inclination to endeavor to do so, for the amount awarded is so large as to demand a new trial.

The judgment is reversed and a new trial granted, with costs to defendants.

FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN and the late Justices SNOW and BIRD took no part in this decision.