McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.

---

CLARK *v.* ROEN.

1. Seduction—Definition.
    Definition of seduction is same in criminal and civil actions.

2. Same—Prosecutrix in Criminal Action Must be Unmarried.
    Prosecutrix in criminal action for seduction must be unmarried (3 Comp. Laws 1929, § 16823).

3. Same—Pleading—Amendment.
    In action for seduction, after plaintiff had answered few preliminary questions, court properly permitted amendment of declaration by addition of statement that plaintiff was unmarried woman.

4. Damages—Mental Suffering—Seduction.
    Damages in nature of pain, mental suffering, and humiliation resulting from seduction, being extremely difficult to evaluate, Supreme Court will not interfere with amount awarded unless it is so unreasonable and excessive as to shock conscience of court.

5. SAME—EXCESSIVE VERDICT—SEDUCTION—PAIN AND SUFFERING.

Verdict of $2,000 as damages for seduction cannot be said to be excessive, in view of plaintiff's humiliation, disgrace, pain, and suffering.

6. TRIAL—SEDUCTION—ORDER OF PROOF—REBUTTAL.

Where, in action for seduction, plaintiff's testimony was rather vague and indefinite, there was no abuse of discretion in permitting her to give rebuttal testimony which cleared up all doubts arising out of vagueness of her former testimony and established her right of recovery, where defendant was also given opportunity to introduce further testimony.

Appeal from Charlevoix; Gilbert (Parm C.), J. Submitted January 25, 1933. (Docket No. 166, Calendar No. 37,055.) Decided April 4, 1933.

Case by Florence Clark against John J. Roen for seduction. Judgment for plaintiff. Defendant appeals. Affirmed.

*E. N. Clink (C. M. Bice,* of counsel), for plaintiff.

*Leon W. Miller,* for defendant.

BUTZEL, J. Florence Clark recovered a judgment of $2,000 against John J. Roen, in an action for seduction. The declaration, as filed, did not allege that plaintiff was an unmarried woman. In *Greenman* v. *O'Rily,* 144 Mich. 534, 538 (115 Am. St. Rep. 466), we held that the definition of seduction is the same in criminal and civil actions. 3 Comp. Laws 1929, § 16823,* provides that the prosecutrix in a criminal action for seduction must be unmarried. After plaintiff, as the first witness in her behalf, had answered but a few preliminary questions, the court permitted the declaration to be amended by the addition of a statement that plaintiff was an unmarried woman. The amendment was proper. See *M. M. Gantz Co.* v. *Alexander,* 258 Mich. 695, 697.

---

* See Act No. 328, Pub. Acts 1931, § 532.

Defendant claims that the damages allowed plaintiff were excessive. She claims pain, suffering, humiliation, etc. It is extremely difficult to evaluate mental suffering and humiliation, and unless the damages suffered thereby were so unreasonably and excessively assessed as to shock the conscience of the court, we will not interfere. Damages in a case of this character cannot be figured with any degree of exactitude. The problem of measuring the recovery is somewhat similar to that in a negligence case, where we have frequently experienced difficulties in fixing the amount of damages by any rule of thumb. *Sebring* v. *Mawby,* 251 Mich. 628; *Palmer* v. *Security Trust Co.,* 242 Mich. 163 (60 A. L. R. 1392). There is no doubt but that plaintiff was entitled to more than nominal damages as contended for by defendant. Her humiliation and disgrace, pain and suffering, were of such a nature that we cannot say that the sum of $2,000 awarded her was excessive. See *Bennett* v. *Beam,* 42 Mich. 346, 351 (36 Am. Rep. 442).

It is claimed that the judgment is against the great weight of the testimony. This claim might appeal to us more strongly were we primarily a fact-finding body and possessed of the opportunity of seeing the witnesses. The trial judge expressed doubt at the conclusion of her testimony as to whether she had made out a *prima facie* case. Her testimony was neither clear nor definite, possibly due to the embarrassing and difficult position in which she was placed. She first alleged that the seduction had taken place in the year 1930, but later corrected the date by an assertion that it occurred in 1929. The court admonished her attorney, and stated that he was not making out a case.

Plaintiff was recalled to give rebuttal testimony, however, and at this time she cleared up all doubts

arising out of the vagueness of her entire testimony by making positive statements that established her right of recovery. There was no jury, and, although the testimony should have been introduced in proper order, we cannot hold that there was an abuse of discretion in permitting the testimony in rebuttal. *Meade* v. *Bowles,* 123 Mich. 696; *Harnau* v. *Haight,* 189 Mich. 600 (13 N. C. C. A. 566) ; *Gilchrist* v. *Mystic Workers of the World,* 196 Mich. 247. In permitting the testimony, the court intimated that he would give defendant full opportunity to introduce further testimony in reply if he desired. Defendant does not assert, as a ground for appeal, improper introduction of the rebuttal testimony, unless such an objection may be inferred from his general statement that the judgment is against the great weight of the testimony. After a very careful reading of the record, we are constrained to hold that the judgment is not against the great weight of the testimony. We have only considered the questions raised by appellant.

The judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.