LINDENFELD *v.* MICHIGAN INTERSTATE TRUCK CO.

1. AUTOMOBILES—QUESTION FOR JURY—NEGLIGENCE—FLARES NEAR TRUCKS.

In action under death act against two truck owners for death of plaintiff's wife, where sole claimed negligence of one trucker was that he failed to set out flares 200 feet ahead and behind his truck train as required by public utilities commission, court properly failed to submit to jury other indefinite acts and claimed violation of general duties of truck drivers (3 Comp. Laws 1929, §§ 14061, 14062).

2. SAME—TRUCK TRAINS—SLIPPERY PAVEMENT—HILLS—NEGLIGENCE.

Owner of 60-foot truck train which had difficulty in climbing hill on slippery pavement *held*, as a matter of law not guilty of negligence in action against it under death act for killing of plaintiff's wife, a passenger in car which collided with a second truck as latter was attempting to pass truck train where there is no evidence that train had stopped either in fact or within meaning of order of public utilities commission requiring placement of flares before and behind the train, and no evidence that absence of flares had any causal connection with the collision (3 Comp. Laws 1929, §§ 14061, 14062).

3. SAME—NEGLIGENCE—SUDDEN DANGER.

Motorist suddenly confronted with danger of collision with truck negligently driven in his lane of travel need not be able to stop on slippery pavement, going down hill, within 100 feet after peril appears on penalty of being declared negligent as a matter of law.

4. EXECUTORS AND ADMINISTRATORS—PLEADING—AMENDMENT.

Amendment of declaration before trial to substitute plaintiff as general administrator of his wife's estate for himself as special administrator in his action under the death act *held*, not error, since the amendment did not change the cause of action nor affect the substantial rights of the parties, defendants did not move to dismiss and amendment might be made in Supreme Court (3 Comp. Laws 1929, §§ 14061, 14062, 14144, Court Rules Nos. 18, 72b [1933]).

5. Damages—Death—Excessive Verdict—Instructions.

> In action under death act for killing plaintiff's 24-year old wife with expectancy of 38 years, verdict of $20,000 *held*, excessive and to include punitive and sympathetic damages where testimony would not permit jury fairly to find her services worth more than $25 per week and her keep less than $5 per week and court had plainly charged jury as to measure of damages, pecuniary loss to beneficiaries, life expectancy of deceased and plaintiff, effect of her age upon ability to render services, possibility of plaintiff's remarriage, present worth and other considerations (3 Comp. Laws 1929, §§ 14061, 14062).

Appeal from Berrien; White (Charles E.), J. Submitted January 9, 1936. (Docket No. 24, Calendar No. 38,715.) Decided March 2, 1936.

Case by Bela Lindenfeld, administrator of the estate of Esther Lindenfeld, deceased, against Michigan Interstate Truck Company and Clover-Leaf Truck Company for killing of plaintiff's decedent in an automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Reversed as to defendant Michigan Interstate Truck Company. Reversed with a new trial as to defendant Clover-Leaf Truck Company.

*Thomas N. Robinson* and *Howard & Howard*, for plaintiff.

*Farrell & Paulson*, for defendant Michigan Interstate Truck Company.

*Theron D. Childs, Jr.*, and *Stuart B. White*, for defendant Clover-Leaf Truck Company.

Fead, J. Plaintiff had judgment, in action under the death act (3 Comp. Laws 1929, §§ 14061, 14062), for the killing of his wife in a collision of his car, in which she was riding, with a truck of the Clover-Leaf Truck Company.

The collision occurred on a hill on US-12, west of Coloma, about three o'clock in the morning of March 3, 1935. The pavement was slippery, from ice, frost or dampness or a combination of them, but the places and extent of such condition are in dispute.

A 60-foot train, consisting of a truck and two trailers, belonging to defendant Michigan Interstate Truck Company, was going east up the hill and the driver was having trouble on account of the condition of the pavement. A guest of the driver tried to afford traction by throwing gravel on the pavement. The train was moving very slowly. There are casual and careless expressions from witnesses that the train was stalled but on direct inquiry they would not say it had stopped before the collision. At most, the evidence would justify an inference of no more than that the train sometimes temporarily lost its forward movement on account of lack of traction on its continuous struggle up the hill.

A truck and trailer of defendant Clover-Leaf Truck Company approached from the west; the driver saw the Michigan Interstate train when some 400 feet away from it and thought it was stalled; the guest on the train waved a flash light; the Clover-Leaf driver said he took it as a signal that the way was clear and drew to the left to pass the train; when abreast of it his truck collided with plaintiff's car, which had come over the hill from the east; the truck driver did not stop but proceeded until he was ahead of the train and then stopped on the right side of the road. He said he had passed about two-thirds of the train when he first saw plaintiff and he drove ahead expecting to be able to return to the right side of the highway and avoid a collision.

Plaintiff's version of the accident is that he was driving 30 miles per hour as he came over the crest

of the hill; he saw the Michigan Interstate train over 200 feet away; when he was about 100 feet from the train the Clover-Leaf truck turned left into plaintiff's lane of travel; he applied his brakes, tried to run his car off the pavement to the right and upon the burm; but was unable to get wholly clear of the pavement and was almost stopped when his car was struck by the Clover-Leaf truck and his wife killed.

Both defendants made motions for directed verdict and for judgment *non obstante veredicto*. The motions were denied.

The only claim of negligence of the Michigan Interstate driver, submitted to the jury, was that his train was stopped and he had failed to set out flares 200 feet ahead and behind the train, as required by an order of the Michigan public utilities commission (Rule No. 36 [b.], Michigan Public Utilities Commission). The court properly failed to submit other indefinite acts and claimed violation of general duties of truck drivers as negligence.

The motion of the Michigan Interstate Truck Company for direction of verdict should have been granted. There was no evidence that the train had stopped, either in fact or within any reasonable meaning of the order of the commission, to bring the rule into operation. Moreover, both plaintiff and the other truck driver had at least as much actual warning of the presence of the train as the flares would have given. There was no evidence that the absence of flares had any causal connection with the collision. Nor did plaintiff claim the fact of whether the truck was stalled or moving had any effect upon his conduct. *Camp* v. *Wilson*, 258 Mich. 38, is obviously distinguishable.

The judgment as to defendant Michigan Interstate Truck Company is reversed, with costs and without new trial.

It is unnecessary to adduce argument that plaintiff's testimony presented an issue of fact upon his contributory negligence, unless we should say, and we may not, that the driver of an automobile, on being suddenly confronted by unexpected danger from a truck negligently coming into his lane of travel, must be able to stop on a slippery pavement, going down hill, within 100 feet after the peril appears, on penalty of being declared negligent as a matter of law.

When the action was commenced, plaintiff was special administrator of the estate of his wife. Later he was appointed general administrator. In their answers defendants denied his right to bring the action as special administrator. Before trial, the court allowed an amendment to the declaration to substitute plaintiff as general administrator of the estate for himself as special administrator. The amendment is claimed to have been error.

Defendants' contention has some general support. 24 C. J. p. 1182. But the amendment did not change the cause of action, as in *Walker* v. *Lansing & Suburban Traction Co.,* 144 Mich. 685; nor affect substantial rights of the parties, 3 Comp. Laws 1929, § 14144; nor did defendants move to dismiss, Court Rule No. 18 (1933). A like amendment has been permitted in this court, *Windoes* v. *Colwell,* 247 Mich. 372, in a chancery case; and more drastic amendment in *Gillen* v. *Wakefield State Bank,* 246 Mich. 158; based upon 3 Comp. Laws 1929, § 14021. Moreover, such amendment might be made in this court under Court Rule No. 72b (1933). The amendment was not error.

Defendants claim the verdict was excessive. The court very plainly charged that the measure of damages is the pecuniary or financial loss to the beneficiaries of deceased, computed upon the value of

her services to them, less the cost of her keep, and that the jury should take into consideration the life expectancy of both deceased and her husband, the effect of her growing age upon her ability to render household services, possibility of remarriage of the husband, and other considerations. The court also charged upon present worth and how to compute it. The deceased was about 24 years old and had an expectancy of 38 years. Under the testimony the jury could not fairly find that her services were worth more than $25 per week and her keep less than $5 per week, or a damage of $1,040 per year. The award of $20,000, at legal interest, would produce an income of $1,000 without disturbing the principal. In such case the verdict is excessive. *Sipes* v. *Railroad Co.*, 231 Mich. 404; *Newell* v. *Railroad Co.*, 235 Mich. 687; *Palmer* v. *Security Trust Co.*, 242 Mich. 163 (60 A. L. R. 1392); *Flynn* v. *Kramer*, 271 Mich. 500. The amount awarded plainly indicates that the jury wholly disregarded the instructions of the court as to present and future conditions and awarded punitive or sympathetic damages. The testimony is not such as would enable us to attempt a conditional assessment of damages. Under the circumstances, the judgment must be reversed, with costs and new trial ordered as to the Clover-Leaf Truck Company.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.