SIMA *v.* WRIGHT.

1. TRIAL—PREJUDICIAL REMARKS BY COUNSEL.

   Repetition of assertion that case did not amount to much to doctor, defendant in action for negligent malpractice, since he was not present at opening of the trial nor until subpœnaed by plaintiff after objection by defendant's counsel *held*, error inclining toward reversal.

2. APPEAL AND ERROR—PREJUDICIAL ARGUMENT OF COUNSEL.

   Error assigned on alleged prejudicial argument to the jury in action for negligent malpractice, is not considered, on appeal, where it was not called to the attention of the trial court.

3. TRIAL—REVERSE ORDER—HYPOTHETICAL QUESTION—BASIC FACTS —DISCRETION OF COURT.

   Practice of asking hypothetical questions before presentation of basic facts is not a commendable one since it prevents opposing counsel from making specific objections to such questions and hinders the court in keeping the testimony to the issue, although the order of proof is largely a matter of discretion of the court.

4. EVIDENCE—HYPOTHETICAL QUESTIONS.

   In action for alleged negligent malpractice resulting in burns from diathermy machine, element in hypothetical question that flesh stuck to the plates *held*, prejudicial, where plaintiff did not so testify.

5. SAME—REPEATED COMPLAINTS AS TO BURNS FROM ELECTRICAL MACHINE.

   Controlling hypothetical question to ascertain duty of physician under local practice in use of diathermy machine, grounded on element that patient ''repeatedly'' complained of being ''burned'' *held*, technically objectionable, although not such error as to require reversal without a new trial, where plaintiff did not precisely so state and question was not one exclusively of medical knowledge.

6. SAME—EXPERT TESTIMONY ON LOCAL MEDICAL PRACTICE—OSTEO-
   PATHS.

   Testimony of doctor of osteopathy as expert on local medical
   practice *held*, inadmissible where no showing is made of his
   knowledge of such practice.

7. DAMAGES—APPEAL AND ERROR—REMITTITUR—EVIDENCE.

   On appeal from verdict and judgment of $7,000 for damages
   suffered by patient as result of doctor's negligent malpractice,
   reversal is directed notwithstanding plaintiff's claim that
   remittitur of $1,000 would correct alleged error in charge
   where court submitted as elements of damage pecuniary loss
   and impairment or loss of earning capacity without evidence
   on such elements having been presented, where said amount as
   claimed in the bill of particulars was not called to attention
   of jury and verdict indicates a considerable sum must have
   been allowed therefor.

Appeal from Washtenaw; Sample (George W.),
J. Submitted June 5, 1934. (Docket No. 23, Calendar
No. 37,807.)   Decided September 18, 1934.

Case by Frank F. Sima against Walter J. Wright
for negligent malpractice. Verdict and judgment for
plaintiff. Defendant appeals. Reversed, and new
trial granted.

*Andrew J. Sawyer* and *Jacob F. Fahrner,* for
plaintiff.

*Douglas, Barbour, Desenberg & Purdy (Rodgers
& Dunn,* of counsel), for defendant.

FEAD, J.   Plaintiff had judgment for $7,000 in an
action for negligent malpractice.

Defendant, a physician, gave plaintiff a diather-
mic treatment for pain in the back.   The treatment
was administered with an electrical machine, de-
signed to produce deep heat through lead plates on

the back and abdomen. Patients react differently to the treatment. Some are sensitive to heat and are easily burned. Others can stand more. Some complain of excessive heat when it is neither excessive nor dangerous. Others are stoical and may not complain when they should. The machine may be regulated at points ranging from absolute immunity from burning to probability or assurance of harm. Because of the difference in people a patient may be burned although the machine is properly operated. Defendant did not testify to the reading at which he set the machine, plaintiff could not show it, and the issue of negligence was upon the duty of the doctor when the patient complains.

Plaintiff had a burn on his back. Defendant and his office nurse testified that plaintiff did not complain of heat nor get burned in the treatment. Plaintiff said:

"One plate was put on the abdomen and one on my back. They were put on with some kind of gauze to hold them there around my body by Dr. Wright. After the plates were on, Dr. Wright put on the switch of some kind, then done something on the machine and said: 'Mr. Sima has got a severe case of neuritis, or something, and we've got to give it to him pretty strong.' He adjusted the machine some way, I don't know what he done and he said to the nurse: 'Now leave it on 15 minutes and we got to give it to him pretty strong. He has got a severe case of arthritis.' The first thing I noticed in about a minute or two I felt heat and it was uncomfortable and I said to the nurse, she was in there alone with me: 'The thing is getting too hot.' And she looked at the machine and she said: 'Oh, no, that didn't get too hot.' And I waited a little longer and perspiration started to run out of my head and face and I said: 'It's getting too hot. Turn it off.' And she said: 'No, it isn't.' And I said: 'Call

the doctor.' And she looked at the machine again and she said: 'No, that's just imagination.' She opened the door and looked in but the doctor was busy and pretty soon the doctor came in and I said: 'You are burning me. Take it off.' And he said: 'It's all right.' And I said: 'You are burning me. I can smell it.' And he looked at it and he took the plates off and I felt an awful pain as though flesh was coming off. It burned so bad I could smell it.''

Defendant was the first witness. He was called by plaintiff as an adverse witness and was immediately met with a prejudicial statement in the form of a question to the effect that, because he had not been present at the opening of trial nor until subpoenæd by plaintiff, the case did not amount to much to him. On the court's sustaining the objection, counsel repeated the assertion. The incident inclines toward reversal.

Defendant complains of prejudicial argument to the jury but because it was not called to the attention of the court at the time it is not here for review. *People* v. *Mulvaney,* 171 Mich. 272, 277; *People* v. *Allan,* 263 Mich. 182, 206.

In spite of frequent warning by the court that the practice was hazardous, plaintiff's counsel tried the case in reverse order. They presented their medical witnesses and asked hypothetical questions before plaintiff testified and were permitted to do so only on their assurance that the basic facts would be shown later. While the order of proof is largely in the discretion of the court, the practice employed in this case is not to be commended because it prevents opposing counsel from making specific objections to hypothetical questions and hinders the court in keeping the testimony to the issue.

Included in a hypothetical question was the element that ''the flesh stuck to the plates.'' Plaintiff

did not so testify. The prejudicial nature of such a gruesome claim is obvious.

The controlling hypothetical question to ascertain the duty of the physician under the local practice was grounded on the element that the patient "repeatedly" complained of being "burned." Plaintiff did not precisely so state. The question was technically objectionable, as an inquiry into the proper medical practice, and, if the case had been presented in an orderly manner, it would have been excluded. The answer was the doctor should shut off the current and investigate by removing the plates. However, the error does not justify reversal without new trial. Under the testimony, the case is not exclusively one of medical knowledge. Laymen generally are acquainted with the proclivity of an electrical apparatus to burn. Defendant did not disclose the point at which he set the machine nor other circumstances to indicate an impossibility or improbability of burning, so that the complaints were likely to be psychological rather than physical and the procedure a matter for doctors alone to determine. The conclusion of repeated complaints embraced in the question was not so violent a departure from plaintiff's testimony as to be wholly unfounded. And, without circumstances indicating that the practice was exclusively a matter of medical knowledge, the jury could reasonably find that the answer merely stated the obvious duty of anyone operating such a device.

Testimony of a doctor of osteopathy was improperly received as expert testimony of local medical practice without a showing that he knew the local practice.

The court submitted to the jury as elements of damage pecuniary loss, loss of time and impairment or loss of earning capacity. While there was testi-

mony that for a time plaintiff was incapacitated from conducting his business as a tailor, there was no evidence of the worth of his services nor of pecuniary loss. Plaintiff contends the error may be corrected by remittitur of $1,000, the amount claimed in the bill of particulars for such loss. The record does not show that the amount so claimed was called to the attention of the jury, we have no means of knowing the sum the jury allowed on such damage and the amount of the verdict indicates that a considerable sum must have been allowed for such element of loss.

Reversed, with costs and new trial.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.