RUBENSTEIN v. PURCELL.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE—MALPRACTICE.
   On appeal in action against surgeon for negligence in treatment of fracture of minor son's arm, evidence is viewed in light most favorable to plaintiff where verdict was directed for defendant at close of plaintiff's proofs.

2. PHYSICIANS AND SURGEONS—SCARLET FEVER—EVIDENCE.
   Surgeon's responsibility for plaintiff's son's contraction of scarlet fever from piece of cloth placed over fracture while arm was being given treatments with heat lamp *held*, not sustained by competent testimony so as to take case to jury.

3. SAME—HEAT LAMP TREATMENTS—NEGLIGENCE.
   Burning from heat lamp treatment may be so severe and due to such negligence that the case is not exclusively a matter of medical knowledge.

4. SAME—ASSUMPTION OF RISK—NEGLIGENCE.
   Operator of heat lamp incurs liability for damages if burn was occasioned by negligence but plaintiff assumes risk of burn from proper exposure which may be manifested only by subsequent developments; the standard of care, skill and diligence required being fixed by that ordinarily possessed or exercised by others in the same line of practice and work in similar localities.

5. SAME—NEGLIGENCE—EXPERT TESTIMONY—DIRECTED VERDICT.

Question of negligence in use of heat lamp by surgeon who reduced fracture of boy's arm and set the bone *held*, entirely a matter of expert testimony under record presented and in the absence of any such testimony in plaintiff's favor directed verdict for defendant was proper.

6. PLEADING—AMENDMENT—MALPRACTICE.

Denial of amendment of declaration in action against physician to show malpractice consisted in rubbing of boy's hand blistered by heat lamp treatment *held*, correct in absence of medical testimony showing such treatment to be different than the recognized standard practice in the community.

7. NEW TRIAL—ABUSE OF DISCRETION—ALTERATION OF TESTIMONY BY EXPERT WITNESS—SURPRISE.

Denial of new trial in action against surgeon for negligent treatment of boy's arm because of surprise when plaintiff's sole expert witness completely changed his testimony upon learning lamp used shed heat rays only and not penetrating rays, *held*, not an abuse of discretion.

Appeal from Wayne; Webster (Arthur), J. Submitted April 17, 1936. (Docket No. 126, Calendar No. 38,592.) Decided June 16, 1936.

Case by Irving Rubenstein against Frank Purcell for negligent malpractice in treatment of plaintiff's son. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Guy W. Moore* and *Hal P. Wilson*, for plaintiff.

*Wm. Rolston Brown*, for defendant.

BUTZEL, J. On September 30, 1932, plaintiff's seven-year old son suffered a very severe fracture of the arm through a fall from a bicycle. He was given surgical treatment by the defendant, who reduced the fracture and set the bone. The arm was greatly swollen and two days later the boy was taken to de-

fendant's office. He placed a cloth over the boy's arm and directed a nurse to apply a heat lamp for about 15 minutes. At the end of that time a nurse turned off the lamp, defendant examined the arm and then ordered a continuation of the treatment for an additional 15 minutes. At the end of the half hour, when the defendant removed the cloth, the fore part of the boy's arm or hand was badly blistered. Defendant rubbed his hand over the affected part and, it is claimed, the skin came off, leaving the raw flesh exposed. On the 12th day of October, the boy came down with scarlet fever. Inasmuch as defendant specializes in surgery, another doctor was called to attend the boy for his fever, but defendant continued to look after the boy's fracture, both at home and later at the defendant's office where heat or diathermy treatments were continued. Defendant attended the boy a total of 60 consecutive times. In December, the boy's parents took him to Florida, where he was attended by another physician recommended by defendant. It required a very long period and many treatments before the boy fully recovered. He has a permanent scar on his hand approximately 1½ inches wide at its greatest width and about 3¼ inches long at its greatest length. Plaintiff claims that defendant was negligent in applying the heat for too long a period and continuing to do so notwithstanding the remonstrations of the parents and the entreaties of the boy to stop because the heat was burning him; that the cloth placed by the doctor over the boy's arm for protection against too much heat was a filthy piece of rag infected with scarlet fever germs; that defendant should not have rubbed the blistered skin after the removal of the cloth. The testimony showed that after a severe fracture there is a lack of blood supply and that a hyperemial lamp

is commonly used to restore the deficiency. An expert called by plaintiff first gave testimony favorable to the plaintiff, but when informed that the lamp used by defendant was not an Alpine lamp, one that sheds not only heat but penetrating rays, but a Zoalite lamp which throws off only an even heat and is used to produce hyperemia, the witness completely changed his testimony and absolved defendant from any negligence.

Defendant, called as an adverse witness, testified that the method of treatment and the length of time of application of the heat was usual and proper.

As verdict was directed for defendant at the conclusion of testimony on behalf of plaintiff, we have reviewed it in the most favorable light to plaintiff. All of the testimony introduced on behalf of plaintiff except that of the boy and his parents was in defendant's favor. Plaintiff failed to produce any medical testimony which would show that defendant did anything contrary to the usual or standard practice in Detroit or in that of similar communities. *Delahunt v. Finton,* 244 Mich. 226. No competent testimony whatsoever was offered to show defendant's responsibility for the boy's contracting scarlet fever. Defendant testified that he used a piece of stockingette, not an infected rag. Plaintiff's witness showed that the period of incubation for scarlet fever is from four to six days. As the boy did not come down with the fever until 10 days after the cloth was used and as scarlet fever germs are not discernible by the naked eye, plaintiff failed to prove any negligence on the part of defendant in this regard.

Plaintiff, however, claims that the only inference that can be drawn from the fact of the boy's scar is that defendant was guilty of negligence and that the case, therefore, is not one in which it is necessary to prove the professional standard of practice as no

question of skill or judgment, or of practice beyond the knowledge of laymen is involved. See *LeFaive* v. *Asselin,* 262 Mich. 443. The burning may be so severe and due to such negligence that the case is not exclusively one of medical knowledge. We held in *Sima* v. *Wright,* 268 Mich. 352, where notwithstanding the protestations and entreaties of plaintiff, plates were applied to the front and back of plaintiff so that the application caused very serious injuries and emitted the odor of burning flesh when the plates were removed.

We made a like ruling in *Ballance* v. *Dunnington,* 241 Mich. 383 (57 A. L. R. 262), where the burning was so severe that the patient's foot subsequently had to be amputed. We, however, called attention in the latter case to the fact that the standard of care, skill and diligence required was fixed by that ordinarily possessed or exercised by others in the same line of practice and work in similar localities, and that notwithstanding the highest diligence and skill to prevent burnings, they did occasionally occur in the ordinary cases of exposure and that persons of a certain type and temperament were susceptible to a burn while others would not suffer a burn from a similar application; that this idiosyncrasy cannot always be determined before or during the time of exposure but may be manifested only by subsequent developments; that the risk of a burn from a proper exposure to the X-ray was assumed by plaintiff but that the defendant incurred the liability for damages if the burn was occasioned by negligence. The facts in the case as shown by the testimony were such that the question of negligence became one exclusively for expert testimony. Plaintiff realized the necessity for such testimony in his unsuccessful attempt to introduce it. Defendant, on the other hand, as an adverse witness stated that he applied the heat for

30 minutes, that this was the regular and proper time for such application, though in certain cases he applied it 45 minutes; that the skin was perfectly intact after the cloth was removed although a water blister had formed; that he put his hands over the blister to examine the amount of swelling, that he applied tannic acid on the swelling, which he stated was the proper treatment; that the scar did not involve the deep layers of the skin; that even if there had been less heat applied, the water blister would have appeared anyway as a result of the fracture and the subsequent swelling.

After plaintiff's testimony was all in, his attorneys asked permission to amend the declaration so as to show that the malpractice consisted in defendant's rubbing the boy's blistered hand. The court was correct in denying the amendment, for even had it been allowed, there was no medical testimony that the treatment was different from the recognized standard practice in the community.

Plaintiff further claims that the court should have granted a new trial on the claim of newly-discovered evidence; that the testimony of his expert witness, when he altered his testimony upon learning the true facts, came as a surprise. The granting of a new trial rests largely in the discretion of the trial judge. He stated that the case had been pending in the court for over a year; that just prior to the trial date, it passed through the pre-trial docket, where attention of counsel on both sides was challenged to the issues and pleadings; that at the trial the plaintiff rested upon the testimony of a single expert although with due diligence more experts might have been produced; that it would be a bad precedent to allow counsel to rely upon one witness when several are available with the option of a new trial if such

witness turns out to be unfavorable; that there was no such diligence shown as to warrant a new trial on account of newly-discovered evidence.   There was no abuse of discretion on the part of the trial judge.

The judgment is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.   POTTER, J., took no part in this decision.