Matthias, J.
 

 This case does not present any question of the ultimate liability of the defendant for the negligent act of its agent while acting in the course of and within the scope of his employment, nor of the right of the person injured to maintain such action.
 

 The sole question presented here is one of venue and must be answered by the interpretation and application of the provisions of Section 6308, General Code. It is as follows:
 

 
 *639
 
 “Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
 

 Was the defendant, The Jeffrey Manufacturing Company, the
 
 operator
 
 of the motor vehicle owned by John Wilson and being driven by him at the time of the collision?
 

 The appellant relies mainly upon the statutory definition of “operator” contained in Section 6290, General Code, which is as follows:
 

 “ ‘Operator’ includes any person who drives or operates a motor vehicle upon the public highways.”
 

 Appellant contrasts the language there used with that in a preceding subdivision of the same section wherein “owner” is defined-, that definition being as follows:
 

 “ ‘Owner’ includes any person, firm or corporation other than a manufacturer or dealer having title to a motor vehicle * *
 

 The phrase “firm or corporation” following the word “person” in one subdivision and not in the other is urged as determinative of the proposition that the term “operator,” as used in Section 6308, General Code, and as defined in Section 6290, General Code, can have no application to a corporation.
 

 It must be observed, however, that the Legislature had some purpose in the use of the word “operates” in this definition, for the phrase, “any person who drives,” would have been sufficient if the meaning of “operator” were to be limited to one who in fact manipulates the mechanism of the motor vehicle. Such
 
 *640
 
 individual is referred to as a driver or chauffeur. If the meaning of the term “operator” were thus restricted, it would exclude persons, firms and corporations operating lines of cabs, buses or trucks which they do not own but who certainly are operators thereof, and liable as such for the negligent acts of their employees in connection therewith.
 

 It is contended by the appellee that the maxim,
 
 “Qui facit per alium facit per se,”
 
 applies and is a complete answer to the question presented in this case, for Wilson was acting as agent for the defendant and in the operation of the automobile he was acting within the scope of his employment and therefore, inasmuch as he was then driving his automobile for and on behalf of the defendant, the defendant within the meaning and intent of the statute was the operator of the automobile.
 

 The provisions of Section 6308, General Code, relate solely to venue. Being remedial in character, such provisions are to be liberally construed.
 
 Gorey
 
 v.
 
 Black,
 
 100 Ohio St., 73, 125 N. E., 126;
 
 Snavely
 
 v.
 
 Wilkinson, Exr.,
 
 138 Ohio St., 125, 33 N. E. (2d), 999.
 

 The defendant is a corporation. If by the word “operate” we mean the physical action of manipulating the steering wheel, accelerator and brake, the defendant could not be deemed an operator of a motor vehicle. In our opinion the provisions of the statute should! not be subjected to such strict construction and application.
 

 A corporation can be the operator of a motor vehicle only by and through its agent or employee. If the automobile being driven by Wilson, the defendant’s employee, were owned by the defendant corporation, it properly could be considered the operator as well as the owner of the automobile. When the automobile was being driven by Wilson for and on behalf of the corporation, as is conceded, it was the operator thereof, even though Wilson was the owner. The corpora-
 
 *641
 
 lion was doing precisely what Wilson, its employee and agent acting for it, was doing when he was driving the car. In short, the defendant was the operator of the motor vehicle by and through the instrumentality of its duly authorized and acting agent, he being at the time within the scope of his employment. The proposition is well established that what one does by another he does himself. The familiar maxim,
 
 “Qui facit per alium facit per se,”
 
 is applicable here.
 

 It follows that the judgment of the Court of Appeals is in all respects correct and is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams^ Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.