### LARSEN v. POWELL et al.
### Civ. No. 4310.

United States District Court,
D. Colorado.
Dec. 29, 1953.

Hastings &. Lefferdink, Eads, Colo., for plaintiff.

White & Steele, Denver, Colo., for defendants.

KNOUS, District Judge.

This action stems from the turning over on a Colorado highway of an automobile in which plaintiff allegedly was a passenger. Such automobile was owned by the defendant W. D. Powell and was then being driven with his knowledge and consent by his son, the defendant Richard D. Powell, through whose negligence the accident is said to have been occasioned. The defendants Powell then were residents of the State of Nebraska.

It is further conceded that the owner of the car, the defendant W. D. Powell, was not present in Colorado at the time of the accident.

The plaintiff, proceeding under section 48(1), Chapter 16, 1952 Cumulative Supplement to 1935 Colorado Statutes Annotated, caused a summons addressed to both defendants to be served in due and proper form on the Secretary of State, State of Colorado. The defendants have moved to quash the service of such process.

In so far as here pertinent, section 48 (1), supra, provides:

"The term 'non-resident' in this section is hereby defined to be any natural person, firm, association, copartnership, corporation or other legal entity not residing within the state.

"The operation by a non-resident of a motor vehicle on a public highway in this state shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his or its true and lawful attorney, upon whom may be served all lawful civil processes in any actions or proceedings against him or it, growing out of any accident or collision in which such non-resident may be involved while operating a motor vehicle on such public highway; and such operation shall be deemed a signification of such agreement that any such process against him or it which is so served shall be of the same legal force and and validity as if served on such non-resident personally within the state. * * *"

Considering the statute in conjunction with the pleadings, there can be no doubt that the service of the summons on the defendant Richard D. Powell was good and must be sustained.

However, a serious question arises as to whether the terms of section 48(1), supra, permit valid service of process on a non-resident owner of an automobile when at the time the injury occurred the

car was being operated by another in Colorado with the owner's permission while the latter was outside the state, as is the situation with respect to the defendant W. D. Powell.

The Supreme Court of Colorado has not had occasion to pass upon this precise question; however, in Carlson v. District Court of City and County of Denver, 116 Colo. 330, 180 P.2d 525, 531, as the criterion for the construction of this particular statute, that Court said:

"So far as we are advised or can learn, it is universally held that statutes, such as 48(1), supra, providing for substituted service, are in derogation of the common law and must be strictly construed and followed before jurisdiction of the person can attach thereunder; * *."

Construing their statutes, Courts in other jurisdictions generally have held that the words "while operating" and "operation by", as is the language of section 48(1), supra, apply only to non-resident individuals *personally operating* a motor vehicle and do not include a non-resident owner not then present in such state, even though the operation was with his knowledge and consent.

Thus, in Witherstine v. Employers' Liability Assur. Corporation Limited, of London, England, 235 N.Y. 168, 139 N.E. 229, 28 A.L.R. 1298, in construing the then New York statute, Laws 1929, c. 54, which is so nearly identical in language with the Colorado enactment as to suggest that the latter had the former as its source, the Court of Appeals held the word "operating" to mean the personal act of working the mechanism of a motor vehicle.

This decision was later adhered to in O'Tier v. Sell, 252 N.Y. 400, 169 N.E. 624, wherein it was held that the New York statute above referred to applies only to a person actually operating the car and that the owner does not operate the car unless he drives it himself.

The opinion therein by Judge Lehman, further observed:

"We are asked by construction to read into the words 'while operating a motor vehicle' (*the precise words of the Colorado statute*) an additional clause 'or while the car is being operated with his permission, express or implied.' That we may not do."

The Supreme Court of Michigan, in Flynn v. Kramer, 271 Mich. 500, 261 N.W. 77, held that the word "operate" as used in the Michigan statute, Comp.Laws 1929, § 4790, providing for substituted service of process against non-residents who "operate" their motor vehicles in the state signified a personal act in working the mechanism of the car, and that jurisdiction therefore could not extend to a non-resident car owner in an action which arose when he was neither driving the car nor in it. See also Brown v. Cleveland Tractor Co., 265 Mich. 475, 251 N.W. 557.

In Morrow v. Asher, 55 F.2d 365, the United States District Court for the Northern District of Texas, a Texas statute, Vernon's Ann.Civ.St. art. 2039a, providing for constructive service in an action against a non-resident growing out of any accident or collision in which the non-resident might be involved while "operating" a motor vehicle, was held applicable only to the person actually driving the car and not to the non-resident owner.

This Court is of the view that the reasoning of the foregoing decisions impel a similar construction of section 48(1), supra, and that the attempted service of process upon the defendant W. D. Powell must, therefore, be quashed.

The circumstance that the Colorado statute, in defining "non-residents" includes corporations and other legal entities, which of necessity could only operate motor vehicles through the agency of their employees, in the Court's opinion, considering the canon of strict construction commanded in Colorado by Carlson v. District Court, supra, cannot be said to extend that principle to a "natural person" who is under no such limitation.

Decisions in which service on a non-resident owner not personally operating the motor vehicle or present therein at the time of accident has been upheld seem uniformly attributable to express statutory language so permitting.

Thus, in Producers' & Refiners' Corp. v. Illinois Cent. R. Co., 168 Tenn. 1, 73 S.W.2d 174, where a non-resident owner was held amenable to substituted service in an action arising from the operation of a car by his employee, the statute provided for such service against "any owner, chauffeur * * * not licensed * * * who shall make use of the privilege * * * to operate". Code, § 8671.

The opinion contrasts the difference in legal effect between the foregoing statutory langauge and that of the old New York statute, supra, which as has been mentioned, is practically identical with the present Colorado act.

In Rose v. Gisi, 139 Neb. 593, 298 N. W. 333, the Supreme Court of Nebraska accepted the view that the word "operation," means the actual physical handling of the motor vehicle, but held that by the addition of the word "use," (absent in the Colorado statute), the Nebraska Legislature evidenced an intention to impose liability to constructive service not only on the actual non-resident operator, but as well, while the motor vehicle was being used in the master's business, upon the non-resident master, Comp.Laws 1929, § 20–530.

The foregoing decisions, as does the opinion in Hartley v. Utah Const. Co., 9 Cir., 106 F.2d 953, make clear that the coverage to be given a statute of this nature rests within legislative, not judicial discretion.

Accordingly, for the reasons given,

It Is Ordered that the service of process upon the defendant W. D. Powell be quashed, but that service thereof upon the defendant Richard D. Powell be and the same hereby is sustained and he shall have twenty (20) days from this date within which to answer.