Tommie A. **HURTE**, Plaintiff,

v.

Katherine **LANE** and Ted C. Lane, Defendants.

Civ. A. No. 689.

United States District Court
N. D. Florida,
Tallahassee Division.

Sept. 23, 1958.

———◆———

Harry Morrison, Tallahassee, Fla., for plaintiff.

Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendants.

CARSWELL, Chief Judge.

Plaintiff alleges in complaint that defendants, husband and wife, are residents of the State of Indiana and that defendant wife was the owner of a motor vehicle, which was being operated by her husband with her consent at the time of the accident injuring plaintiff. Defendants' automobile developed some mechanical difficulty and they were forced to stop after pulling off the highway at an ice plant. After looking under the hood, defendant husband requested plaintiff, who was standing nearby, to pour gasoline into the carburetor. While plaintiff was doing this, defendant husband got into the driver's seat of the vehicle, turned on the ignition and pressed the starter. The motor backfired, and the gasoline being poured by plaintiff burst into flames and injured him.

By motion to dismiss defendants contend that these facts do not justify a finding that the vehicle was being "operated" under the language of Florida's statute for service on non-resident vehicle operators (Florida Statutes 47.29, 1957, F.S.A.), and that, therefore, the complaint should be dismissed due to lack of jurisdiction over the persons, insufficiency of process, insufficiency of service of process and lack of jurisdiction over the subject matter. While there does not seem to be a ruling from the Florida Courts on the precise point, other jurisdictions have considered the problem with reference to almost identical statutes and have generally concluded that the "operation" of a motor vehicle should not be given such limited scope.

In activating the ignition and in pressing the starter, the defendant here placed the mechanism into mechanical operation. To make the actual movement of the wheels of the vehicle the test of "operation" under these circumstances would be to give the statute such rigid limitation as to be unrealistic. Indeed, by ordinary understanding, in initiating the force of motivation of machinery, one is operating it and his intent in so doing is not the test.

It has been found that a vehicle which is standing or parked at the time an accident occurs was operated. Hand v. Frazer, 139 Misc. 446, 248 N.Y.S. 557, affirmed 233 App.Div. 800, 250 N.Y.S. 947. The language of Flynn v. Kramer,

271 Mich. 500, 261 N.W. 77, signifies a personal act in working the mechanism of the car as a test for "operation". It has been held in State v. Webb, 202 Iowa 633, 210 N.W. 751, 49 A.L.R. 1389, that defendant stepping on starter and permitting engine to idle is " 'operating' automobile, within [that State's code]." Although this case, and numerous others of similar holding cited by plaintiff, is concerned with the interpretation of a criminal statute, the Court here can find no valid reason for reaching a different conclusion in interpreting the subject statute. It seems clear that it was the intent of the Legislature here to provide persons within this State's jurisdiction a ready forum for redress of alleged wrongs resulting from negligent acts of non-resident defendants in the control of their motor vehicle.

The motion of defendants to dismiss on these grounds is, therefore, denied. An appropriate order will be entered herein in conformity with this Memorandum-Decision.