**Paul R. JONES and Carol M. Jones, Plaintiffs,**

v.

**Paul W. WOOD and Great Western Distributing Company of Borger, Inc., a Texas corporation, Defendants.**

**Civ. A. No. 7508.**

United States District Court
D. Colorado.

Sept. 19, 1962.

Fugate, Mitchem, McGinley & Hoffman, Daniel S. Hoffman, Denver, Colo., for plaintiffs.

Scott, Phillips & Godwin-Austen, Howard K. Phillips, Denver, Colo., for defendant Great Western Distributing Co. of Borger, Inc.

McComb, Zarlengo & Mott, John C. Mott, Denver, Colo., for defendant Paul W. Wood and defendant Great Western Distributing Co. of Borger, Inc.

DOYLE, District Judge.

The defendant Great Western Distributing Company of Borger, Inc., a Texas corporation, has moved to quash the return of service of additional summons and amended complaint: first, on the grounds that the defendant is a Texas corporation and was not doing business in Colorado on February 7, 1962, or at any time material to the pending action and that it is thus not subject to service of process within the State of Colorado; secondly, that the defendant was not at the time of the accident the owner or operator of the motor vehicle involved, and thirdly, that the defendant has not been served with process—that the service relied on was accomplished by delivery of the complaint and summons to the Secretary of State for the State of Colorado—that this was wholly void.

The amended complaint describes an automobile collision between a vehicle of the defendant then being driven by one Paul W. Wood and an automobile being drive by the plaintiff Paul R. Jones at a place approximately one and one-half miles east of the intersection of Fortieth Avenue and Highway 72, Adams County, Colorado.

From an affidavit filed by the defendant and its answers to interrogatories, it appears that the defendant is a distributor of Coors beer at Amarillo, Texas, and that there are one to three trips each week by the truck in question on behalf of defendant. The driver travels to the Coors Brewery at Golden, Colorado, and there loads beer at the Coors

Brewery docks for return to defendant's place of business at Borger, Texas. On the return trips bottles are occasionally returned to the Coors Brewery. The vehicle is leased to defendant and it is normally driven by one James C. Henderson. Henderson was hired by the lessor-owner of the truck with the approval of defendant, is paid by and is under the direction of defendant. At the time of the collision Paul W. Wood had relieved Henderson at the wheel of the truck with the permission of Henderson, although it is conceded that Wood stood in no legal relationship to defendant.

Defendant has not been formally authorized to do business in Colorado and has not, of course, appointed agent for service of process in Colorado, its contention being that it is strictly a Texas corporation and that its business is confined to the State of Texas. Although the fact that the truck was being driven by Paul W. Wood at the time of the collision confuses somewhat the issue, it does not appear to have substantial significance since Henderson was present in the truck and, admittedly, it was being operated in the defendant's interests at the time. Thus determination can be made upon the basis that the truck was at the time being operated by an authorized servant of defendant. See Whiteside v. Harvey, 124 Colo. 561, 239 P.2d 989. Therefore, the issues are:

*First,* whether the language of the statute, C.R.S.1953, 13–8–8, as amended (S.L.Colo.1961), is sufficiently broad to subject a non-resident corporation to the jurisdiction of this court by means of the substituted service provided in the statute where the truck is being driven by an authorized agent engaged in discharge of the business of the corporation; and *secondly,* whether the defendant was engaged in business in Colorado during the times in question by reason of the regular trips to and from Golden, Colorado for the purpose of accepting delivery of its merchandise so as to subject it to the provisions of C.R.S.1953, 31–35–19, 1960 Perm.Supp.

**I.**

■ The statutory provision under which the issue of service of process upon a non-resident arises, that is, 13–8–5, supra, provides in pertinent part:

"* * * (2) a 'driver' is the owner or operator of a motor vehicle * * *; (6) a 'nonresident' is any natural person or other legal entity which on the date of an accident is not a resident."

Another provision (13–8–7) goes on to provide that a non-resident who is the driver of a motor vehicle involved in an accident shall be deemed to have appointed the Secretary of State his true and lawful attorney upon whom may be served process in any civil action against such non-resident pertaining to such action.

The somewhat more narrow question is whether 13–8–5 applies to a non-resident corporation whose vehicle is being driven within the state by an employee or servant. And this type of statute being in derogation of the common law, must be construed strictly. Larsen v. Powell, (D.C.Colo.1953) 117 F.Supp. 239; Carlson v. District Court of City and County of Denver, 116 Colo. 330, 180 P.2d 525, 531.

It is to be noted first that the term "driver" is not limited to the person in actual operation of the vehicle, but also includes the owner of the motor vehicle and thus the terms of this definition are not such as to exclude the possibility of vicarious responsibility or subjection to jurisdiction where the agent of an owner is driving the vehicle at the time of the accident.

Noteworthy also is the fact that the term "non-resident" is defined so as not to limit it to a natural person—it includes any "legal entity." A corporation is, of course, within the term "legal entity" and it is obvious that corporations must depend upon servants to drive motor vehicles.

In support of its assertion that the defendant was not at the time in question

a driver of a vehicle within the State of Colorado, defendant calls attention to the statutes which existed prior to the enactment of C.R.S.1953, 13–8–5 to 10, as amended (S.L.Colo.1961). Under the 1937 Act (which was construed in Larsen v. Powell, supra), "non-resident" is defined to be any natural person, firm, association, copartnership, corporation or other legal entity not residing in the state. The provision goes ahead and declares that the operation by a non-resident of a motor vehicle shall be equivalent to appointment by the Secretary of State as agent for process in an action growing out of a collision in which a non-resident was involved while operating a motor vehicle.

This Court, speaking through the late Judge Knous in Larsen, supra, stated that a natural person acting through an agent, was not an operator and hence was not subject to this provision. At the same time, the opinion distinguished corporations and other legal entities and noted that a natural person can operate a vehicle whereas a corporation can not, and conceding that operation by an agent of a corporation could subject the latter to substituted process, the operation by an agent of a natural person would not have such effect in the absence of an express provision. Thus, contrary to defendant's contention, Larsen does not control the instant problem.

Defendant also points out that the 1957 Act was apparently intended to overcome the Larsen decision in that it provided that the operation by a non-resident or the agent, servant or employee acting within the course and scope of employment of such non-resident, constituted appointment of the Secretary of State, etc. It is said that the 1957 statute clearly encompassed the operation of a vehicle by an agent but that the present statute has been changed in such a way as to show a legislative intent to restrict its operation to: 1) owners, or 2) operators. It may well be that the construction which Judge Knous gave to the term *"operator"* is binding and that the defendant can not be regarded as such. But even conceding this, the statute in question uses the term "driver" and this includes not only the operator but also the *owner* of a vehicle. A non-resident corporation certainly is to be regarded as the driver even though operating the vehicle through a servant. The fact that defendant was lessee and did not own the "fee" does not furnish a tenable basis for holding that defendant was not an owner for the present purpose.

■ It would seem, therefore, that the plain, unambiguous terms of the statute itself are such as to require a holding that a non-resident corporation operating its vehicles on the highways of Colorado through an agent or servant, agrees to the appointment of the Secretary of State as agent for service of process in respect to highway accidents occurring in Colorado. Cf. Pappas v. Jeffrey Mfg. Co., 139 Ohio St. 637, 41 N.E.2d 864. See also Jones v. Pebler, 371 Ill. 309, 20 N.E.2d 592, 125 A.L.R. 451; Covert v. Hastings Mfg. Co., (D.C.Neb.1942) 44 F.Supp. 773.

II.

■ The defendant is also subject to substituted service by reason of its doing business within the State of Colorado. It conducted regular and continuous trips to Colorado for the purpose of accepting delivery of all the merchandise which it sold in Texas. Its entire operation depended on these regular and frequent trips into Colorado.

It follows that defendant was doing business within the meaning of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

The motion to quash should be, and the same is hereby denied.