Argued October 8, affirmed November 3, petition for
rehearing denied December 7, 1965

# SCHAFFER *v.* MILL OWNERS MUTUAL
# INSURANCE COMPANY
### 407 P. 2d 614

*Walter H. Evans, Jr.,* Portland, argued the cause for appellant. With him on the brief was William D. Peek, Portland.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the brief was L. M. Schouboe, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

HOLMAN, J.

This is an action for recovery under a policy of automobile liability insurance issued by defendant to Kenneth Wolf. Plaintiff secured a judgment against Wolf arising out of an accident, and defendant refused

to pay plaintiff's judgment. Wolf and his seventeen-year-old son, who resided with him, were on a trip to the coast with the family automobile when Wolf became too ill to operate the vehicle. He instructed his son to drive the vehicle to Portland to Mrs. Wolf's place of business and to have her drive him to a doctor. On the way to Portland, while the son was operating the vehicle, the accident occurred. At the time of the accident Wolf, because of his illness, was not capable of driving the vehicle and was asleep.

Wolf's policy of insurance had an exclusion clause added as an endorsement. It read as follows:

"It is agreed that the insurance offered by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile *is being operated by any male operator under 25 years of age.*" (Emphasis ours)

This exclusion was the basis for defendant's refusal to pay plaintiff's judgment.

Plaintiff contends the use of the word "operator," without further definition in the policy, is ambiguous as it can mean either a person present in the car who has the right to control the vehicle or a person who is manually driving it. She argues that an ambiguous phrase should be construed most favorably to the insured and therefore Wolf should be deemed the operator of the car at the time of the accident. She maintains Wolf was present in the vehicle at the time of the accident and had the right to control the actions of his seventeen-year-old son, that as a result the vehicle was being operated by Wolf, and therefore that the exclusion clause was not applicable. Plaintiff also claims the ambiguity is further enhanced by the omnibus clause of the policy which covers as an insured

anyone who is using the vehicle with the consent of the named insured.

Controversy concerning the meaning of the word "operator" as used in automobile policies is not new to the courts. There is a split of authority.

██ The Motor Vehicle Code of this state defines an operator of a motor vehicle (ORS 482.020(2)) as follows:

> " 'Operator' means every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a highway."

This, of course, is not binding upon the court in this case as the vehicle laws were not enacted for the purpose of construing liability insurance contracts. It is merely indicative of one point of view as to the meaning of the word "operator" when used in connection with motor vehicles.

It is stated in 7 Appleman, Insurance Law and Practice, § 4314, at 139 (1962) that:

> "The term 'operation' is included within the insuring expressions of many older forms of policies, and runs throughout the arterial structure of automobile insurance law. The better definition of the expression is that it involves personal physical management of the automobile by the person in question. Mere direction of the driving without some element of physical control is insufficient to come within the term 'operating.' * * *"

In 6 Blashfield, Cyclopedia of Automobile Law and Practice, § 3941, at 602-603 (Perm ed 1945) the following comment is made:

> "The word 'operate,' read in the light of the context of the policy and in view of the meaning attached to the word in automobile statutes, may

be construed as describing the personal act of the owner in working the mechanism of the car, and hence as excluding liability when the owner is not personally driving at the time of the accident, although he is present and directing another as to the route, speed, and general manner of operation of the car, * * *"

In *State Farm Mut. Auto. Ins. Co. v. Smith*, 48 F Supp 570, 573 (W D Mo 1942), the court made the following comment and ruled adversely to a claim similar to plaintiff's:

"To apply the general law of agency in determining who is operating a motor car within the meaning of a stipulation that insurance shall not apply while the automobile is operated by a person under the minimum age required to obtain a license to operate seems illogical and productive of abortive results. For the question is not who will be held responsible for the agent's act, not whether the child agent was following the master's direction or pursuing the master's business, but is whether the authorized adult or the unauthorized minor was in the manual control of the car. The general law of agency would permit operation by the master from the rear seat or the rear office in a distant city while the physical act performed in an emergency on the highway was actually performed by one who the contract agreed and the law provided was incompetent. * * *"

There are numerous other insurance cases which construe or use the word "operate" or "operator" with reference to motor vehicles to mean actual physical control of the vehicle: *Witherstine v. Employers Liab. Assur. Corp.*, 235 NY 168, 139 NE 229, 28 ALR 1298 (1923); *Devitt v. Continental Cas. Co.*, 269 NY 474, 199 NE 765 (1936); *Ayres v. Harleysville Mut. Cas. Co.*, 172 Va 383, 2 SE2d 303 (1939); *Twogood v.*

*American Farmers Mut. Auto. Ins. Ass'n.*, 229 Iowa 1133, 296 NW 239 (1941); *Scranton v. Hartford Fire Ins. Co.*, 141 Conn 313, 105 A2d 780 (1954); *Orth v. Universal Underwriters Ins. Co.*, 284 F2d 857 (9th Cir 1960).

There is case authority to the contrary. See *Snyder v. United States Mut. Ins. Co.*, 312 Ill App 337, 38 NE2d 540 (1941); *Trans-Continental Mut. Ins. Co. v. Harrison*, 262 Ala 373, 78 So2d 917, 51 ALR2d 917 (1955); *Gray v. Citizens Cas. Co.*, 286 F2d 625 (4th Cir 1960); and *Mayflower Ins. Exch. v. Kosteriva*, 84 Idaho 25, 367 P2d 572 (1961).

In addition to insurance cases, it is generally held in cases which determine whether an individual was the operator of a car for purposes of service of process upon nonresident motorists that the operator of the car is the driver, the person in physical control of the mechanism. See *O'Tier v. Sell*, 252 NY 400, 169 NE 624 (1930); *Morrow v. Asher*, 55 F2d 635 (N D Tex 1932); *Flynn v. Kramer*, 271 Mich 500, 261 NW 77 (1935); *State v. District Court*, 112 Mont 253, 114 P2d 1047 (1941); *Larsen v. Powell*, 117 F Supp 239 (DC Col 1953); and *Hurte v. Lane*, 166 F Supp 413 (N D Fla 1958).

■ The provisions excluding coverage where young persons are involved are based upon the premise that the young represent a greater risk. Normally, this would be so only when they are manually operating the vehicle. Therefore, when read in this context, to construe the word "operator" to mean other than the manual operator would be illogical. When used in this context we construe "operator" to be synonymous with "driver."

We do not view the omnibus clause as causing any ambiguity. The endorsement relative to male operators under 25 years of age is clearly an exclusion from coverage of any kind. It provides: "* * * the insurance offered by this policy shall not apply * * *."

■■ Plaintiff also contends that defendant waived its right to assert the terms and conditions of its policy because subsequent to the accident it filed with the Department of Motor Vehicles form SR21 acknowledging coverage under the financial responsibility law. The trial judge found that this was done by inadvertence and mistake. No objections were taken to that finding. Plaintiff was notified prior to the commencement of her action against Wolf that defendant was denying coverage. It was not until after she had commenced her action that the filed form SR21 was discovered. It is our opinion that coverage was not created by the filing of the form. Waiver or estoppel cannot be the basis for creating a contract of coverage where no such contract previously existed. *Reserve Life Ins. Co. v. Howell,* 225 Or 71, 357 P2d 400 (1960); *Simmons v. Civil Service Employees Ins. Co.,* 57 Cal2d 381, 369 P2d 262 (1962); *Ins. Co. of North America v. Atlantic Nat'l Ins. Co.,* 329 F2d 769 (4th Cir 1964); *Seaford v. Nationwide Mut. Ins. Co.,* 253 NC 719, 177 SE2d 733, 85 ALR2d 496 (1961). To the contrary, see *Behringer v. State Farm Mut. Ins. Co.,* 275 Wis 586, 82 NW2d 915 (1957).

■ Plaintiff further contends that defendant acknowledged validity of the policy by paying a property damage loss on Wolf's automobile to a lienholder who was protected under his policy. It is our opinion that the payment of such a claim is irrelevant and does not prevent defendant from asserting its nonliability under

the insurance contract as to one who was not a party to the payment.

Defendant charged Wolf a premium rate, known as 1B, which is used to cover private passenger automobiles owned by an individual or by a husband and wife resident in the same household where there is no male operator under 25 years of age. Under 1B coverage casual drivers of the vehicle, under 25 and not residents of the household, who drive with the named insured's consent were covered by the omnibus clause of the policy. However, because of the exclusionary endorsement, *all* male drivers under 25 were exempted. For this reason plaintiff argues that Wolf paid for more coverage than he received.

■ We believe plaintiff's contention is irrelevant. Had the accident occurred while the vehicle was driven by a member of the under-25, nonhousehold resident class, for which insured paid premiums, and had the insurer refused indemnification, plaintiff's argument might be meritorious. That is another case. Here the accident occurred while the automobile was being operated by a male member of the household under the age of 25. This was not encompassed within the 1B rate.

The judgment of the trial court is affirmed.