Argued October 7, affirmed December 19, 1969

SIGNAL INSURANCE COMPANY, *Respondent, v.* MISSION INSURANCE COMPANY, *Appellant.*

462 P. 2d 669

*David P. Templeton,* Portland, argued the cause for appellant. On the briefs were Dusenbery, Martin, Beatty, Bischoff & Templeton.

*Walter Cosgrave,* Portland, argued the cause for respondent. On the brief were Maguire, Kester & Cosgrave and James H. Gidley.

McALLISTER, J.

The plaintiff, Signal Insurance Company, seeks contribution from the defendant, Mission Insurance Company, for one-half of the amounts paid by Signal in settling claims resulting from an automobile accident. The sole question presented is whether the driver of an automobile who is towing an empty vehicle is "operating" the towed vehicle within the meaning of a liability policy which excludes coverage if the vehicle is being operated by a person under twenty-five years of age.

The basic facts are not in dispute. Arthur Patershall, who was 20 years of age, owned a Chevrolet and was insured by plaintiff Signal. Allen Patershall owned an Austin-Healey and was insured by defendant Mission. Allen's policy contained an endorsement excluding coverage while his vehicle was being operated by any person under the age of 25 years except Allen.[1]

Allen's Austin-Healey broke down and he asked his brother Arthur to repair it. Arthur decided to tow the Austin-Healey to his own home to make the needed

---

[1] "It is hereby understood and agreed that the policy to which this endorsement is attached, excludes all coverages while the vehicle described herein is being operated by any person under the age of 25 years, except person(s) named as 'exception(s)' in item 8 below and spouse (if married)."

repairs. While Arthur was driving his Chevrolet and towing the Austin-Healey, the towed vehicle swerved over the center line and struck another car. There was no one in the towed vehicle.

Both policies contained "other insurance" clauses providing for the proration of losses with other carriers. Plaintiff settled the claims and made demand on defendant for contribution. Defendant refused to contribute on the ground that when the accident occurred Allen's vehicle was being "operated" by a person under the age of twenty-five years. The trial court held that the Austin-Healey was not being "operated" within the meaning of the policy exclusion and entered judgment for plaintiff. Defendant appeals.

■ In *Schaffer v. Mill Owners Ins. Co.*, 242 Or 150, 407 P2d 614 (1965), after a comprehensive review of the authorities, we construed the term "operator" as used in a similar policy to be synonymous with "driver." Defendant argues that Arthur was operating the Austin-Healey even though he applied the power by means of his Chevrolet and controlled the course of the Austin-Healey by steering his own vehicle. We think the short answer to this argument is that the Austin-Healey was being neither driven nor operated, but was being towed. In our view, "operate" and "tow" have different meanings and we see no reason to expand or distort the common meaning of "operate" as we have construed it in *Schaffer*, supra.

It is significant that coverage was extended by the omnibus clause of defendant's policy to anyone "using" the insured vehicle. It is conceded that Arthur was using the Austin-Healey within the meaning of the policy and, except for the exclusionary clause, was entitled, as an additional insured, to the protection of the policy. The exclusionary clause did not use the

broad term "use," but the restricted term "operate." Under these circumstances we see no reason to construe "operate" in the exclusionary clause to mean the same as "use." If defendant had wanted the exclusionary clause to be as broad as its omnibus clause it could have used the same term in both clauses.

■ If there is any ambiguity in the language of defendant's policy it should be construed against the defendant. See *Ramco, Inc. v. Pacific Ins.*, 249 Or 666, 439 P2d 1002 (1968); *Cimarron Ins. Co. v. Travelers Ins. Co.* 224 Or 57, 72, 355 P2d 742 (1960); *Wallace Co. v. State F. M. Auto. Ins. Co.*, 220 Or 520, 525, 349 P2d 789 (1960).

The judgment is affirmed.

HOLMAN, J., dissenting.

The obvious purpose of the clause in question was to exclude coverage of a class of persons, the members of which were considered to be more susceptible to errors in the operation and control of motor vehicles. As long as the actual control of the motion and location of the vehicle is by a member of the excluded class which is more prone to error, the risk sought to be excluded is in existence. This is true whether the course and handling of the vehicle was governed by driving, towing, remote electrical control, or otherwise. In *Schaffer v. Mill Owners Ins. Co.*, 242 Or 150, 407 P2d 614 (1965), the term "operate" was held to contemplate the actual manual control of the vehicle and, in the factual context there, it was held to be the equivalent of "drive." However, there is nothing in that opinion to indicate that an "operator" must necessarily be a "driver." There is no logical reason to believe the provision intended that the risk was to be

excluded or included on the basis of the manner of the vehicle's control rather than by the class of persons exercising the control which created the risk.

I therefore dissent.

SLOAN and O'CONNELL, JJ., join in this dissent.